**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL E. SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiff***

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRACIE POLLARD, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>COMFRT, LLC,<br><br>Defendant. | Case No: '25CV3423 AJB JLB<br><br>CLASS ACTION<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff GRACIE POLLARD, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendant COMFRT, LLC ("Comfrt"), and alleges the following upon her own knowledge, or where she lacks personal knowledge, upon information and belief, including the investigation of her counsel.

## INTRODUCTION

1. Comfrt is an online retailer that mainly markets and sells various "slightly weighted clothing and accessories" such as hoodies and sweatpants (collectively, the "Products") through its website, Comfrt.com, and Instagram shop.

2. In advertising the Products, Comfrt regularly employs the deceptive pricing practice known as false reference pricing, in which it pretends that items are "on sale" from a "regular," higher price, so that the consumer believes she is getting a better value, when in reality, the item has never been sold at the higher price. This practice violates California's Unfair Competition Law, ("UCL"), False Advertising Law ("FAL"), and the Consumers Legal Remedies Act ("CLRA").

3. Plaintiff brings this action seeking to enjoin Comfrt's unlawful behavior, and to recover compensation for herself and others similarly aggrieved by Comfrt's deceptive and unlawful practices.

## JURISDICTION & VENUE

4. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and at least one member of the class of plaintiffs is a citizen of a State different from Defendant Comfrt.

5. The Court has personal jurisdiction over Comfrt because it has purposely availed itself of the benefits and privileges of conducting business activities within California, specifically through distributing and selling the Products in California, and because the transactions giving rise to this action occurred in San Diego County, California.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides in (*i.e.*, is subject to personal jurisdiction) this district, and a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff Gracie Pollard resides in and intends to continue to reside in San Diego County, California. Accordingly, she is a citizen of the State of California.

8. Defendant Comfrt, LLC is a limited liability company registered in Delaware with its principal place of business in Miami, Florida.

## FACTS

### I. COMFRT'S PRICING SCHEME FALSELY REPRESENTS THAT THE PRODUCTS ARE BEING SOLD AT A STEEP DISCOUNT

9. On its website, social media accounts, and through other means of advertising and selling its Products, Comfrt has engaged in an illegal, misleading, and deceptive practice known as "false reference pricing" whereby it lists its Products as originally being a significantly higher price than their current offered price.

10. On its website and Instagram shop, Comfrt displays a "reference price"—the higher price that is "slashed-through" in grey font to the left of the sales price to the right, in black font, as evidenced in the screen shot below.



11. This reference price communicates that the latter price is the "regular price" and that the lower price is, comparatively, a bargain. Bargains induce buyers to act fast and purchase quickly, as significant "sales," such as those displayed by Comfrt, do not last for long—by law (a maximum of 90 days as per California law). Bus. & Prof. Code § 17501.

12. As a clothing retailer that heavily relies on prominent displays of its "discounted" goods to draw business, Comfrt is undoubtedly "well aware of consumers' susceptibility to a bargain, [and] therefore ha[s] an incentive to lie to [its] customers." *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1101 (9th Cir. 2013). "Misinformation about a product's 'normal' price is . . . significant to many consumers in the same way a false product label would be." *Id.* at 1106.

13. Moreover, "[c]onsumers are easily wooed by 'Compare At' pricing advertisements because they believe that they are not only getting a deal, but also a high-quality item at a wallet-friendly price. When these reference prices are misleading, the consumer suffers an 'obvious economic injury as a result of false advertising . . . because the bargain hunter's expectations about the product he just purchased is precisely that it has a higher perceived value and therefore has a higher resale value.'" *Chester v. TJX Cos.*, 2016 WL 4414768, at *11 (C.D. Cal. Aug 18, 2016) (quoting *Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1106 (9th Cir. 2013)).

14. The Federal Trade Commission has also highlighted the deceptiveness of false price referencing:

> (a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

> (b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a reasonably substantial period of time, in the recent, regular course of his business, honestly and in good faith—and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based. And the advertiser should scrupulously avoid any implication that a former price is a selling, not an asking price (for example, by use of such language as, "Formerly sold at $______"), unless substantial sales at that price were actually made.

FTC Guidelines, Title 16, Chapter 1, Subchapter B, Part 233, Section 233.1.

15. By law, after listing a Product for sale for 90 days, Comfrt must either: (a) return the Product to its original price, or (b) continue to sell at the discounted price while disclosing to consumers the date on which the product was last offered for sale at its alleged former price. Bus. & Prof. Code § 17501. Comfrt has done neither.

16. Comfrt has never offered for sale or intended to sell its Products at the reference prices displayed in its advertisements. Instead, these reference prices are displayed with the intent to mislead consumers and induce them into making purchases by creating a false impression that they are receiving the Products at a substantial discount.

17. In sum, the Products' reference prices are not the "actual, bona fide price[s]" they purport to be, nor were the Products listed at these prices on a "regular basis," as they are required to be. *See* 16 C.F.R. § 233.1(a).

18. Comfrt is well aware of the illegality of false reference pricing. Comfrt's sister, HBL Beauty & Co. (d/b/a PurelyWhite Deluxe), was sued under this same theory in Illinois Federal Court.[1] Regardless of this notice and the negative legal consequences PurelyWhite Deluxe faced for its actions, Comfrt nevertheless decided to continue its course of illegal

---

[1] *See Soto v. HBL Beauty & Co. LLC*, No. 1:24-cv-02479 (N.D. Ill.) Dkt. No. 1, Compl. ¶ 34 (March 27, 2024) ("Defendant's Product[s] are always on sale, and these sales persist. For example, Defendant has prominently displayed, since at least August 2020, the Products on sale for $49.99 on its website. This sale is designed to induce consumers to purchase its Products under the mistaken belief that they are getting a significant bargain because they are buying while the sale is going on.").

conduct, deceiving unwitting consumers into purchasing its Products through these false, misleading, and unlawful representations.

## II. PLAINTIFF'S PURCHASE, RELIANCE, AND INJURY

19. On or about September 20, 2024, in reliance on Comfrt's false and deceptive advertising, Plaintiff Gracie Pollard purchased a "Travel Essentials Hoodie", "Travel Essentials Sweatpants", and a "Signature Paw Hoodie" from Comfrt.com. Ms. Pollard purchased the Travel Essentials Hoodie for the seemingly "discounted" price of $51.00, which Comfrt displayed next to the slashed-through reference price of $130.00; the Travel Essentials Sweatpants for $28.00, "down" from the reference price of $70.00, and the Signature Paw Hoodie for $28.00, "down" from the reference price of $50.00.

20. When purchasing the Comfrt Products, Ms. Pollard was exposed to, read, and relied upon Comfrt's false reference pricing claims that the Products were currently being sold at a steep discount from their regular price. Based on that representation, she reasonably believed the Products were of a greater value than they would be without the displayed false reference price.

21. Ms. Pollard is not a sales manager, marketing expert, nor a clothing retailer, but rather a lay consumer who does not have any specialized knowledge of marketing practices, deceptive advertising, or pricing.

22. Ms. Pollard acted reasonably in relying on the false reference prices listed for the Products, which Comfrt displayed intending to induce reasonable consumers into purchasing the Products due to the illusory "bargain" they believed they were receiving.

23. Through the misleading price reference scheme described herein, Comfrt was able to gain a greater share of the online clothing retail market than it would have otherwise.

24. Ms. Pollard would not have purchased the Products, or would have been unwilling to pay the price she did for them, if she had known that she was not receiving the deep discount promised, and that the Products were being sold in violation of state law.

25. Ms. Pollard and other Class Members would not have paid what they did for the Products if they knew the prices represented to them were false and misleading and that the Products were not in fact "worth" the false reference price displayed next to the actual price.

26. Due to Comfrt's false price representations, Ms. Pollard and other Class Members were and are deprived of their benefit of their bargain, and have paid and will pay a premium for Products they would not have purchased, or would have only been willing to pay less for absent the false and misleading reference prices complained of herein.

27. For these reasons, the Products were worth less than what Ms. Pollard and the Class paid for them, and Ms. Pollard and the Class lost money because of Comfrt's deceptive pricing claims and practices.

28. Ms. Pollard continues to be interested in the type of clothing sold by Comfrt, and would like to continue shopping for products it offers. Unless Comfrt is enjoined from continuing to use deceptive reference pricing, however, when Ms. Pollard sees sales from Comfrt in the future, she will have no way of knowing whether the reference price is valid, absent monitoring the store for 90 days each time before she makes a purchase, an unreasonable and unrealistic burden that is contrary to the purpose of California's consumer protection statutes.

## CLASS ACTION ALLEGATIONS

29. While reserving the right to redefine or amend the class definition prior to or as part of a motion seeking class certification, pursuant to Federal Rule of Civil Procedure 23, Plaintiff seeks to represent a Class of all persons in California who, at any time during the four years preceding the date of the filing of this Complaint to the time the Class is notified (the "Class Period"), purchased from Comfrt.com, or any website redirecting to Comfrt.com, or from any Comfrt social media store, one or more Products that were discounted from an advertised reference price.

30. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and Court.

31. Questions of law and fact common to Plaintiff and the Class include:

a. whether Comfrt used false reference prices to sell its Products;

b. whether the reference prices used to advertise Comfrt's Products were actual, bona fide prices at which the Products were openly and actively offered for sale to the public on a regular basis for a reasonably substantial period of time;

c. whether Comfrt's use of false reference prices to sell its Products was and is deceptive;

d. whether Comfrt's use of false reference prices violated and continues to violate California law;

e. the proper injunctive and other equitable relief;

f. the proper amount of damages, including punitive damages;

g. the proper amount of restitution; and

h. the proper amount of attorneys' fees.

32. These common questions of law and fact predominate over questions that affect only individual Class Members.

33. Plaintiff's claims are typical of other Class Members' claims because they are based on the same underlying facts, events, and circumstances relating to Comfrt's conduct. Specifically, all Class Members, including Plaintiff, were subjected to the same misleading and deceptive conduct when they purchased the Products and suffered economic injury because the Products were misrepresented through the false reference prices. Absent Comfrt's unfair business practice of deceptively and unlawfully displaying false reference prices, Plaintiff and Class Members would not have purchased the Products at the prices at which they did, if at all. Thus, Plaintiff advances the same claims and legal theories on behalf of herself and all other Class Members, and no defense is available to Comfrt that is unique to Plaintiff.

34. Plaintiff will fairly and adequately represent and protect the interests of the Class, has no interests incompatible with the interests of the Class, and has retained counsel competent and experienced in class action litigation.

35. Class treatment is superior to other options for resolution of the controversy because the relief sought for each Class Member is small, such that, absent representative litigation, it would be infeasible for Class Members to redress the wrongs done to them.

36. Comfrt has acted on grounds applicable to the Class, thereby making appropriate declaratory relief concerning the Class as a whole.

37. As a result of the foregoing, class treatment is appropriate under Fed. R. Civ. P. 23(a), and 23(b)(3).

## **CAUSES OF ACTION**

### **FIRST CAUSE OF ACTION**

### **Violations of the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.***

38. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

39. The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

40. The acts, omissions, misrepresentations, practices, and non-disclosures of Comfrt as alleged herein constitute business acts and practices.

#### **Fraudulent**

41. A statement or practice is fraudulent under the UCL if it is likely to deceive a significant portion of the public, applying an objective reasonable consumer standard.

42. As set forth herein, Comfrt's claims relating to the Products' prices are likely to deceive reasonable consumers and the public.

#### **Unlawful**

43. The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

- The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*;
- The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*;
- The Federal Trade Commission Act ("FTCA"), 15 U.S.C. §§ 45(a)(1) & 52(a).

**Unfair**

44. Comfrt's conduct with respect to the advertising and sale of the Products was unfair because its conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers, and the utility of its conduct, if any, did not outweigh the gravity of the harm to its victims.

45. Comfrt's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not necessarily limited to the False Advertising Law, the Consumers Legal Remedies Act, and the Federal Trade Commission Act.

46. Comfrt's conduct with respect to the advertising and sale of the Products was and is also unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could reasonably have avoided. Specifically, the increase in profits obtained by Comfrt through the misleading false reference pricing does not outweigh the harm to Class Members who were deceived into purchasing the Products believing they were worth more than they were actually worth, and that they were buying higher-quality products at a "discount," when they were not.

* * *

47. Comfrt profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

48. Plaintiff and other Class Members have suffered injury in fact as a result of Comfrt's conduct.

49. Plaintiff and other Class Members are likely to continue to be damaged by Comfrt's deceptive trade practices, because Comfrt continues to advertise false reference price information in its Product advertising. Thus, injunctive relief enjoining Comfrt's deceptive practices is necessary and proper.

50. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Comfrt from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices.

51. Plaintiff also seeks on behalf of the Class an order for the restitution of all monies from the sale of the Products that were unjustly acquired through acts of unlawful competition.

52. Because Plaintiff's claims under the "unfair" prong of the UCL sweep more broadly than her claims under the FAL, CLRA, or UCL's "fraudulent" prong, Plaintiff's legal remedies are inadequate to fully compensate Plaintiff for all of Comfrt's challenged behavior.

## SECOND CAUSE OF ACTION

### Violations of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

53. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

54. The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

55. Further, the FAL states, "No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing [] price . . . within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement." *Id.* at § 17501.

56. As alleged herein, the advertisements, pricing policies, acts, omissions, and practices of Comfrt relating to the Products' pricing misled consumers acting reasonably as to whether the Products were truly "on sale," and truly worth the listed reference price.

57. Plaintiff and other Class Members suffered injury in fact as a result of Comfrt's actions as set forth herein because they purchased the Products in reliance on Comfrt's false and misleading reference pricing claims.

58. Comfrt knew, or reasonably should have known, that advertising the Products with false reference prices was deceptive.

59. Pursuant to Cal. Bus. & Prof. Code § 17535, Ms. Pollard, on behalf of herself and the Class, seeks an order enjoining Comfrt from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

60. Plaintiff also seeks on behalf of the Class restitution of all monies from the sale of the Products that were unjustly acquired through acts of false advertising.

61. Because the Court has broad discretion to award restitution under the FAL and could, when assessing restitution under the FAL, apply a standard different than that applied to assessing damages under the CLRA, and restitution is not limited to returning to Plaintiff and other Class Members monies in which they have an interest, but more broadly serves to deter the offender and others from future violations, the legal remedies available under the CLRA are more limited than the equitable remedies available under the FAL, and are therefore inadequate.

**THIRD CAUSE OF ACTION**

**Violations of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.***

62. Plaintiff realleges and incorporates the allegations elsewhere in the Complaint as if set forth in full herein.

63. The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

64. Comfrt's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for personal, family,

or household purposes by Plaintiff and other Class Members, and violated and continues to violate the following sections of the CLRA:

a. § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

b. § 1770(a)(9): advertising goods with intent not to sell them as advertised;

c. § 1770(a)(13): making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions; and

d. § 1770(a)(16): representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

65. Comfrt profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

66. Comfrt's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

67. Comfrt has received notice of its violations of the CLRA, but has failed to implement remedial measures.

68. Plaintiff and the Class have suffered harm and seek an Order enjoining Comfrt's unlawful and deceptive business practices and attorneys' fees and costs.

69. In compliance with Cal. Civ. Code § 1780(d), Plaintiff has filed an affidavit of venue concurrently herewith.

## PRAYER FOR RELIEF

70. Wherefore, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Comfrt as to each and every cause of action, and the following remedies:

a. An Order declaring this action to be a proper class action, appointing Plaintiff as Class Representative, and appointing Plaintiff's undersigned counsel as Class Counsel;

b. An Order requiring Comfrt to bear the cost of Class notice;

c. An Order compelling Comfrt to remove all misleading and deceptive price referencing from Comfrt.com, Comfrt's social media pages, and all other places where such deceptive price references are made to customers;

d. An Order requiring Comfrt to disgorge all monies, revenues, and profits obtained by means of any wrongful act or practice;

e. An Order requiring Comfrt to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice, or untrue or misleading advertising, plus pre-and post-judgment interest thereon;

f. An Order requiring Comfrt to pay compensatory damages and punitive damages as permitted by law;

g. An award of attorneys' fees and costs; and

h. Any other and further relief that Court deems necessary, just, or proper.

## JURY DEMAND

71. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 4, 2025

/s/ Melanie R. Monroe

**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL E. SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***